JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALEX VETRULLI

### DEFENDANTS
JLE ENTERPRISES, LLC d/b/a MAIN STREET PIZZERIA & GRILLE

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SIDNEY L. GOLD, ESQUIRE/ SIDNEY L. GOLD & ASSOC., P.C.
1835 MARKET ST., STE 515, PHILA., PA 19103
TELEPHONE (215) 569-1999  sgold@discrimlaw.net

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | x 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA, 29 U.S.C. Section 201, et. Seq.
Brief description of cause:
Employment Matter

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000 in excess
CHECK YES only if demanded in complaint:
**JURY DEMAND:** x Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

DATE: November 19, 2015
SIGNATURE OF ATTORNEY OF RECORD: /s/Sidney L. Gold, Esquire   X

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3006 Saint Vincent Street, Norristown, PA 19403

Address of Defendant: 500 W. Germantown Pike, Suite 1055, Plymouth Meeting, PA 19462

Place of Accident, Incident or Transaction: 500 W. Germantown Pike, Suite 1055, Plymouth Meeting, PA 19462
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐   No **X**

Does this case involve multidistrict litigation possibilities?      Yes☐   No **X**

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
      Yes☐   No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
      Yes☐   No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
      Yes☐   No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
      Yes☐   No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7.    Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X☐ All other Federal Question Cases
      (Please specify) _____ FLSA, PMWA, PWPCL _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
      (Please specify) _____

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

**Sidney L. Gold, Esquire**
I, _____, counsel of record do hereby certify:

   X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

   X Relief other than monetary damages is sought.

DATE: **November 19, 2015**     /s/Sidney L. Gold, Esquire      21374
                                 Attorney-at-Law                Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **November 19, 2015**     /s/ Sidney L. Gold, Esquire     21374
                                 Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3006 Saint Vincent Street, Norristown, PA 19403

Address of Defendant: 500 W. Germantown Pike, Suite 1055, Plymouth Meeting, PA 19462

Place of Accident, Incident or Transaction: 500 W. Germantown Pike, Suite 1055, Plymouth Meeting, PA 19462
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No X

Does this case involve multidistrict litigation possibilities?  Yes☐  No X
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X☐ All other Federal Question Cases
(Please specify) FLSA, PMWA, PWPCL

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)
I, **Sidney L. Gold, Esquire**, counsel of record do hereby certify:
X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
X Relief other than monetary damages is sought.

DATE: **November 19, 2015**    /s/Sidney L. Gold, Esquire    21374
                                Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **November 19, 2015**    /s/ Sidney L. Gold, Esquire    21374
                                Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Alex Vetrulli, Plaintiff | : | CIVIL ACTION |
| v. | : | |
| JLE ENTERPRISES, LLC d/b/a MAIN STREET PIZZERIA & GRILLE, Defendant | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| November 19, 2015 | | /s/Sidney L. Gold, Esquire |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215.569.1999 | 215.569.3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX VETRULLI, | : | CIVIL ACTION NO: |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| JLE ENTERPRISES, LLC d/b/a MAIN STREET PIZZERIA & GRILLE, | : | |
| | : | |
| *Defendant.* | : | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**
*(Violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et. seq., and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et. seq.)*

**I.   PRELIMINARY STATEMENT:**

1.   This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees, and other relief on behalf of Plaintiff, Alex Vetrulli ("Plaintiff Vetrulli"), a former employee of the Defendant, JLE Enterprises, LLC d/b/a Main Street Pizzeria & Grille, ("Defendant"), who has been harmed by the Defendant's unlawful employment practices.

2.   This action arises under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et. seq.*, and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1, *et. seq.*

**II.   JURISDICTION AND VENUE:**

3.   The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiff Vetrulli's claims are

substantively based on the FLSA, and a substantial part of the events giving rise to Plaintiff Vetrulli's claims occurred in this district.

    4.    The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Vetrulli's claims arising under the PMWA and the PWPCL.

    5.    All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Vetrulli has satisfied all jurisdictional prerequisites to the maintenance of this action.

### III. PARTIES:

    6.    Plaintiff, Alex Vetrulli ("Plaintiff Vetrulli"), is a twenty-two (22) year old citizen of the Commonwealth of Pennsylvania, residing therein at 3006 Saint Vincent Street, Norristown, Pennsylvania 19403.

    7.    Defendant, JLE Enterprises, LLC d/b/a Main Street Pizzeria & Grille ("Defendant"), was and is now a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 500 W. Germantown Pike, Suite 1055, Plymouth Meeting, Pennsylvania 19462.

    8.    At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

    9.    At all times material herein, the Defendant has been a "person" and "employer" as defined under the FLSA, the PMWA, and the PWPCL, and accordingly is subject to the provisions of each said Act.

### IV. STATEMENT OF CLAIMS:

    10.    Plaintiff Vetrulli was employed by the Defendant from in or about October of 2014 until on or about July 19, 2015.

11. During the course of his employment with the Defendant, Plaintiff Vetrulli held the position of Assistant Manager. As Assistant Manager, Plaintiff Vetrulli's job duties included, but were not limited to, preparing food, stocking shelves, taking orders, greeting customers, and operating the cash register. Importantly, Plaintiff Vetrulli performed no supervisory duties as Assistant Manager. By way of elaboration, Plaintiff Vetrulli did not regularly supervise two or more other employees, management was not the primary duty of Plaintiff Vetrulli's position, and Plaintiff Vetrulli did not provide genuine input into the job status of other employees (such as hiring, firing, promotions, or assignments). Accordingly, at all times relevant hereto, Plaintiff Vetrulli qualified as a "non-exempt employee" within the meaning of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").

12. At all times relevant to Plaintiff Vetrulli's employment with the Defendant, the Defendant paid Plaintiff Vetrulli ten dollars ($10.00) per hour in exchange for Plaintiff Vetrulli performing his designated job duties.

13. During the course of his employment with the Defendant, Plaintiff Vetrulli worked substantially more than forty (40) hours per week. Pursuant to the FLSA, the PMWA, and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), the Defendant was legally required to pay Plaintiff Vetrulli fifteen dollars ($15.00) per hour in overtime wages for every hour worked by Plaintiff Vetrulli in excess of forty (40) hours per week. However, John Everats ("Everats"), Owner of Main Street Pizzeria & Grille, has refused and continues to refuse to pay Plaintiff Vetrulli said overtime wages in accordance with the FLSA, the PMWA, and the PWPCL.

14. From in or about October of 2014 until on or about July 19, 2015, Plaintiff Vetrulli worked approximately sixty-four (64) hours per week and approximately 984 total overtime hours. At all times relevant thereto, the Defendant paid Plaintiff Vetrulli ten dollars ($10.00) per hour via paycheck for the first forty (40) hours that Plaintiff Vetrulli worked each week. However, Defendant failed to pay Plaintiff Vetrulli for every hour that Plaintiff Vetrulli worked in excess of forty (40) hours per week. Therefore, pursuant to the FLSA, the PMWA, and the PWPCL, Plaintiff Vetrulli is entitled to approximately $14,760 in overtime wages for said period of time, which he hereby claims of the Defendant.

15. The Defendant has refused and continues to refuse to pay Plaintiff Vetrulli the aforesaid overtime wages. Accordingly, pursuant to the FLSA, the PMWA, and the PWPCL, Plaintiff Vetrulli is entitled to a total of approximately $14,760 in overtime wages for the time period of in or about October of 2014 until on or about July 19, 2015, which he hereby claims of the Defendant.

16. Additionally, by refusing to pay Plaintiff Vetrulli for his overtime hours, the Defendant required Plaintiff Vetrulli to work for an effective hourly rate of $6.25 per hour, an amount significantly below the required minimum wage pursuant to the FLSA, the PMWA, and the PWPCL.

17. Plaintiff Vetrulli believes and therefore avers that the conduct of the Defendant, in refusing to pay Plaintiff Vetrulli overtime pursuant to the FLSA, the PMWA, and the PWPCL, was willful, malicious, wanton, and in bad faith and in reckless disregard of Plaintiff Vetrulli's rights and interests.

## COUNT I
### (Violation of the FLSA)
### Plaintiff Vetrulli v. Defendant

18. Plaintiff Vetrulli hereby incorporates by reference paragraphs 1 through 17 of this Complaint as though fully set forth therein.

19. Despite Plaintiff Vetrulli's demand that the Defendant pay to Plaintiff Vetrulli the aforementioned overtime wages due and owed to Plaintiff Vetrulli, the Defendant has refused and continues to refuse to make said payments to Plaintiff Vetrulli.

20. The actions of the Defendant, in refusing to pay Plaintiff Vetrulli said overtime wages, constitute a violation of the FLSA.

21. The actions of the Defendant, in refusing to pay Plaintiff Vetrulli said overtime wages, were willful, malicious, wanton, and in bad faith and in reckless disregard of Plaintiff Vetrulli's rights and interests pursuant to the FLSA.

22. In accordance with the FLSA, in addition to overtime wages owed, Plaintiff Vetrulli is entitled to liquidated damages in an amount equal to the amount of said overtime wages owed, which he hereby claims of the Defendant.

23. In further accordance with the FLSA, Plaintiff Vetrulli is entitled to reasonable attorney's fees in addition to costs associated with this action, which he hereby claims of the Defendant.

## COUNT II
### (Violation of the PMWA)
### Plaintiff Vetrulli v. Defendant

24. Plaintiff Vetrulli hereby incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth therein.

25. Despite Plaintiff Vetrulli's demand that the Defendant pay to Plaintiff Vetrulli the aforementioned overtime wages due and owed to Plaintiff Vetrulli, the Defendant has refused and continues to refuse to make said payments to Plaintiff Vetrulli.

26. The actions of the Defendant, in refusing to pay Plaintiff Vetrulli said overtime wages, constitute a violation of the PMWA.

27. The actions of the Defendant, in refusing to pay Plaintiff Vetrulli said overtime wages, were willful, malicious, wanton, and in bad faith and in reckless disregard of Plaintiff Vetrulli's rights and interests pursuant to the PMWA.

28. In accordance with the PMWA, in addition to overtime wages owed, Plaintiff Vetrulli is entitled to reasonable attorney's fees and costs associated with this action, which he hereby claims of the Defendant.

### COUNT III
### (Violation of the PWPCL)
### Plaintiff Vetrulli v. Defendant

29. Plaintiff Vetrulli hereby incorporates by reference paragraphs 1 through 28 of this Complaint as though fully set forth therein.

30. Despite Plaintiff Vetrulli's demand that the Defendant pay to Plaintiff Vetrulli the aforementioned overtime wages due and owed to Plaintiff Vetrulli, the Defendant has refused and continues to refuse to make said payments to Plaintiff Vetrulli.

31. The aforementioned overtime wages due to Plaintiff Vetrulli by the Defendant constitute "wages" under the PWPCL, and the actions of the Defendant, in refusing to pay said wages, constitute a violation of the PWPCL.

32. In accordance with the PWPCL, in addition to pay owed, Plaintiff Vetrulli is entitled to liquidated damages in an amount equal to twenty-five (25) percent of the pay owed,

which he hereby claims of the Defendant.

33. In further accordance with the PWCPL, Plaintiff Vetrulli is entitled to reasonable attorney's fees in addition to costs associated with this action, which he hereby claims of the Defendant.

## PRAYER FOR RELIEF

34. Plaintiff Vetrulli hereby incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth therein.

**WHEREFORE**, Plaintiff Vetrulli respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant and Order the following relief:

a. A declaratory judgment that the Defendant has violated Plaintiff Vetrulli's rights pursuant to the aforesaid causes of action;

b. Defendant compensate Plaintiff Vetrulli in the amount of approximately $14,760 for overtime wages due and owed to Plaintiff Vetrulli pursuant to the FLSA, the PMWA, and the PWPCL, as aforesaid.

c. Defendant pay to Plaintiff Vetrulli liquidated damages as allowable pursuant to the FLSA and the PWPCL, as aforesaid.

d. Defendant pay to Plaintiff Vetrulli pre-judgment interest and post-judgment interest, costs of suit, attorney's fees, and expert witness fees as allowable by law;

e. Defendant pay to Plaintiff Vetrulli such further and additional relief as may be just and proper, or that the interests of justice may require.

## JURY DEMAND

Plaintiff Vetrulli demands a trial by jury.

                              SIDNEY L. GOLD & ASSOCIATES, P.C.

By:   /s/Sidney L. Gold, Esquire
        SIDNEY L. GOLD, ESQUIRE
        I.D. NO.: 21374
        TRACI M. GREENBERG, ESQUIRE
        I.D. No.: 86396
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        (215) 569-1999
        **Attorney for Plaintiff Vetrulli**

Dated:  November 19, 2015

## VERIFICATION

I hereby verify that the statements contained in the attached **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

*[signature]*

**ALEX VETRULLI**

DATED: 9/15/15